**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT HUNTINGTON**

**KELLY STEPHENS,**

**Plaintiff,**

**Civil Action No. 3:24-cv-00698**
**Honorable Robert C. Chambers**

**v.**

**MANAGEMENT FC, LLC D/B/A FLAGSHIP COMMUNITIES,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Kelly Stephens' "Motion to Compel" seeking to compel Defendant Management FC, LLC D/B/A Flagship Communities to respond to certain enumerated requests for production of documents. (ECF 19). Defendant filed its response in opposition to the motion (ECF 22) and the Plaintiff has filed a reply (ECF 23). Thus, the motion is now ripe for decision.

Having considered the briefing of the parties' and their arguments, the Court **DENIES** the motion to compel as premature, as set forth below:

## I. Relevant Facts

Plaintiff was previously employed as a property manager for Defendant. (ECF 1). Plaintiff's employment with Defendant began when her previous employer was purchased by Defendant in May 2024. Id. Plaintiff alleges that, while working for Defendant, she suffered a job-related injury to her ankle while performing maintenance. (ECF 1, pg. 2).

Plaintiff contends that she was placed off work as a result of her injuries by her doctor and that she filed for workers' compensation benefits under the West Virginia Workers' Compensation Act, W.Va. Code § 23-1-1 *et seq*. (ECF 1, pgs. 2-3) Plaintiff was terminated from her employment with Defendant on July 29, 2024. Id. Plaintiff contends that her termination was, "at least in significant part," because she filed for workers' compensation benefits and that Defendant retaliated against her in violation of W.Va. Code § 23-5A-1. Id at pg. 3 Plaintiff filed this diversity action seeking compensatory damages, including lost wages and benefits; front pay; emotional distress damages; punitive damages; and attorney fees and costs, as well as other damages, on or about December 4, 2024. (ECF 1). Defendant filed an Answer denying Plaintiff's allegations. (ECF 7).

Plaintiff sent discovery requests to Defendant on March 3, 2025. (See ECF 19). Defendant required additional time to respond to the discovery requests and the parties entered into a stipulation extending the time for answering to April 9, 2025. (ECF 14). Defendant then filed its responses to Plaintiff's discovery on April 9, 2025 as agreed.

According to pleadings, Plaintiff contended that Defendant's responses were inadequate or deficient as to several responses. However, the parties were able to confer and they were able to resolve their differences as to all of the discovery issues, except those pertaining to Plaintiff's Requests for Production Nos. 15 and 16. (ECF 19).

Those specific requests and Defendant's initial responses were as follows:

> **REQUEST NO. 15:** Provide a copy of your income tax returns for the last five years.
>
> **RESPONSE:** Defendant objects to the request to the extent it seeks documents outside those provided by the Rules and seeks documents not relevant to the current suit and not reasonably calculated to lead the discovery of admissible evidence.
>
> **REQUEST NO. 16:** Provide a copy of your current financial statements.

> **RESPONSE:** Defendant objects to the request to the extent it seeks documents outside those provided by the Rules and seeks documents not relevant to the current suit and not reasonably calculated to lead the discovery of admissible evidence.

(ECF 19).

Following those initial responses to Plaintiff's requests, Defendant continued to object to the production of documents requested in Requests No. 15 and 16 and indicated that it would not provide such information "without an order from the Court." Id. Plaintiff then filed her motion to compel based upon her contention that the information requested was relevant to her claim for punitive damages. (ECF 19, pgs. 3-4).

Defendant filed a response to the motion to compel in which it asserted that a mere request for punitive damages in a complaint does not entitle a party to discovery of a defendant's financial records without the plaintiff making prima facie showing that it is entitled such damages. (ECF 22). In her reply, Plaintiff asserts that she was essentially forced to file the motion to compel because of the Defendant's prior refusal to concede the relevancy of the requested information, even if, the Court were to determine that punitive damages may be appropriate. (ECF 23).

## II. Discussion.

Rule 26(b)(1) of the Federal Rules of Civil Procedure outlines the scope of discovery:

> [U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Becton, Dickinson & Co. v. BioMedomics, Inc.*, No. 5:20-CV-536-FL, 2021 WL 3864476, at *3 (E.D.N.C. Aug. 30, 2021) (citations omitted). Yet, even if seeking relevant information, the discovery request must be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

A party dissatisfied with a discovery response or lack of response can move for an order compelling disclosure or discovery after conferring or attempting to confer with the party that submitted the response or failed to respond. Fed. R. Civ. P. 37(a). Importantly, the party resisting discovery, not the party seeking discovery, bears the burden of persuasion. *Tinsley v. OneWest Bank, FSB*, No. 3:13-CV-23241, 2014 WL 7005852, at *2 (S.D.W. Va. Dec. 10, 2014) (citations omitted). As such, conclusory and unsubstantiated allegations are simply insufficient to support discovery objections based on the grounds of annoyance, burdensomeness, oppression, or expense.

Plaintiff is correct in her assertion that documents concerning the Defendant's financial condition may be relevant to a claim for punitive damages and that the Defendant's objections on that basis alone are unfounded, which is a point Defendant appears to concede in its response where it merely argues that "without prima facie evidence shown for punitive damages, Plaintiff is not entitled to Defendant's financial records *at this time*." (ECF 22, pg. 2, emphasis added) However, analysis of this matter does not end there and Defendant's assertion that a prima facie showing is required to trigger discovery is correct.

As this Court has previously held, a plaintiff must "make a prima facie claim for punitive damages before being entitled to discovery of a defendant's financial records. To make a prima facie claim for punitive damages… a plaintiff must produce some factual evidence in support of her claim." *Robinson v. Quicken Loans Inc.,* No. CIV.A. 3:12-0981, 2013 WL 1704839, at *4 *(*S.D. W.Va. April 19, 2013*)* Surviving a motion for summary judgment or filing a motion to compel "that includes sufficient supporting evidence (i.e., affidavits, documentary evidence) to demonstrate a viable claim for punitive damages" are two avenues by which such a showing could be made. *Sheppard v. Direct Gen. Ins. Co.,* No. 3:16-CV-11418, 2017 WL 5998756 (S.D.W. Va. Dec. 4, 2017*), See also Robertson v. Cincinnati Ins. Co.,* No. 3:16-CV-04242, 2017 WL 1398342 (S.D. W.Va. Apr. 18, 2017)

In the present matter, Plaintiff has not made a sufficient showing to justify an order compelling production of Defendant's financial records requested in Requests Nos. 15 and 16. Plaintiff has not survived a motion for summary judgment on punitive damages, nor has one even been filed. Furthermore, Plaintiff has supplied no evidence with her motion to compel to demonstrate to the Court the viability of any punitive damages claim.

Wherefore, Plaintiff's motion to compel Production of Documents Nos. 15 and 16 are hereby **DENIED** as premature.

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED**: June 16, 2025




Joseph K. Reeder
United States Magistrate Judge